T.C. Summary Opinion 2016-60

UNITED STATES TAX COURT

ANDREW CHRISTOPHER SANEK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4700-14S.                    Filed September 22, 2016.

Andrew Christopher Sanek, pro se.

Jamie A. Schindler, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for 2010.  Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 6, 2013 (notice), respondent determined a $7,388.72 deficiency in petitioner's 2010 Federal income tax and imposed a $1,477.74 section 6662(a) accuracy-related penalty.

After concessions,[2] the issues for decision are whether petitioner: (1) is entitled to deductions claimed on a Schedule A, Itemized Deductions, in excess of the amounts now allowed by respondent and (2) is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

Petitioner holds a bachelor's degree in construction management from the University of Florida. During the year in issue he worked as a project manager for Kirlin Florida, LLC (Kirlin), a mechanical contractor. At the time, his normal post of duty was at Kirlin's Riviera Beach, Florida office (office), but he spent the

---

[2]Respondent concedes petitioner's entitlement to a $5,493 travel expense deduction related to rent, and petitioner concedes the remaining portion of the claimed travel expense deduction, or $5,777. Petitioner concedes that he is entitled, at most, to a $3,933.80 vehicle expense deduction.

entire year in issue working on jobsites in Miami: first on a project at the Miami Airport that lasted until April 2, 2010, and then at Marlins Park for the remainder of the year. With the exception of his two-week vacation, petitioner typically worked five days a week.

While working on the above-referenced projects in the Miami area, petitioner stayed in a rented apartment/room in Weston, Florida (Weston apartment), approximately 30 miles from the Miami Airport and Marlins Park jobsites. On Friday afternoons he traveled by car approximately 80 miles from either the Miami Airport or the Marlins Park jobsite to the office and then another 111 miles to Sebastian, Florida, where he maintained his residence. Typically, he returned to the Miami area on Monday mornings, usually stopping at the office along the way to whatever jobsite he was working at that day. He maintained a Sunpass account that he used to pay tolls. Kirlin did not provide housing to petitioner or reimburse him for the Weston apartment, nor did it provide him a per diem travel allowance. Kirlin reimbursed petitioner for mileage driven in connection with his employment to the extent discussed below.

At all times relevant, petitioner maintained a monthly mileage log in which he recorded daily entries showing, as relevant, a date, a beginning and ending odometer reading, and total miles driven.

Petitioner used his personal automobile in connection with employment-related travel. Kirlin's employee business expense reimbursement policy (reimbursement policy) provided for reimbursement for the use of "personal vehicles to conduct business in and around the work place, [and] to drive to another location for business". According to the reimbursement policy, an employee was entitled to reimbursement for mileage at "the rate established by the IRS". In practice, however, Kirlin provided petitioner with a mileage allowance of $350 per month pursuant to what was apparently a "nonaccountable plan." See sec. 1.62-2(c)(3), Income Tax Regs. The monthly mileage reimbursements are included in the income shown on petitioner's 2010 Federal income tax return, which he prepared and filed electronically.

That return includes a Schedule A. As relevant, on the Schedule A petitioner claimed a $33,867 unreimbursed employee business expense deduction. The details of the unreimbursed employee business expense deduction are shown on a Form 2106, Employee Business Expenses, also included with petitioner's 2010 return, as follows:

| Expense | Amount |
|---|---|
| Vehicle | $9,000 |
| Tolls | 400 |
| Travel | 11,270 |
| Unspecified business expenses[1] | 1,908 |
| Total[2] | 33,867 |

[1]Unspecified business expenses include: (1) $1,762.39 for the use of a cell phone; (2) $100 for steel-toe "construction work boots"; and (3) $45.61 for work shirts.

[2]On the Form 2106 petitioner mistakenly multiplied his total employee business expenses of $22,578 by 50% for a result of $11,289 and reported that amount on line 9, column B. The amount reported on line 9, column B, which should have been zero, was taken into account in the calculation of petitioner's employee business expense deduction. This, in turn, caused petitioner to overstate the claimed employee business expense deduction by $11,289 on Schedule A of his 2010 return. At trial the parties mistakenly proceeded as though the overstated amount related to petitioner's meals expense. However, in a letter to respondent dated May 9, 2013, petitioner acknowledged this mistake and appeared to concede entitlement to the deduction at trial.

In the notice respondent: (1) disallowed the entire deduction for unreimbursed employee expenses and (2) imposed a section 6662(a) accuracy-related penalty. According to the notice, petitioner "did not establish that the business expense * * * was paid or incurred during the taxable year and that the expense was ordinary and necessary to" his business. Respondent also imposed a section 6662(a) accuracy-related penalty for "negligence or disregard of rules or regulations." Other adjustments made in the notice need not be discussed

as they are computational or have no consequence to the deficiency here in dispute.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses for deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs. In the event that a taxpayer establishes that a

---

[3]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of the taxpayer's own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

A deduction under section 162 generally is not allowable to an employee to the extent that the employee is entitled to (but does not claim) reimbursement of the expense. Lucas v. Commissioner, 79 T.C. 1, 7 (1982); Podems v. Commissioner, 24 T.C. 21 (1955). Such an expense generally is not considered "necessary". See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Podems v. Commissioner, 24 T.C. at 22-23.

Section 274(d) imposes strict substantiation requirements for travel, entertainment, gift, and "listed property" (including passenger automobiles) expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the

production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

## I. Vehicle and Toll Expenses

Petitioner claimed unreimbursed employee business expense deductions for vehicle expenses of $9,000 and tolls of $400. Petitioner now claims that he is entitled, at most, to a $3,933.80 vehicle expense deduction in addition to the $400 tolls expense deduction.

According to petitioner, the deduction he now claims includes mileage driven only on his Friday afternoon travel from either the Miami Airport or the Marlins Park jobsite to the office and on his Monday morning drives from the office to either the Miami Airport or the Marlins Park jobsite. Petitioner computed the $3,933.80 deduction he now claims for vehicle expenses by applying the applicable standard mileage rate of 50 cents per mile to the 7,867.60 business miles he claims to have driven.[4]

---

[4]The Commissioner generally updates the optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate of 50 cents per mile for 2010 is set forth in Rev. Proc. 2009-54, sec. 2.01, 2009-51 I.R.B. 930, 930.

Petitioner contends that the tolls were paid through the use of a Sunpass account. According to petitioner, the tolls expense includes only tolls paid for travel between the office and the Miami area jobsites.

According to respondent, petitioner is not entitled to a deduction for vehicle and toll expenses because those expenses were reimbursable by his employer. See Lucas v. Commissioner, 79 T.C. at 7; Podems v. Commissioner, 24 T.C. 21. Respondent further argues that petitioner has failed to adequately substantiate those expenses.

Kirlin's written mileage reimbursement policy notwithstanding, we find from petitioner's credible testimony on the point that in practice the company reimbursed his employment-related mileage only to the extent of $350 per month, and that amount is included in the income shown on his 2010 return. We further find that Kirlin's practice, rather than its written policy, controls. Under the circumstances, the applicable regulations provide that the vehicle and toll expenses, if properly substantiated, are allowable as miscellaneous itemized deductions. See sec. 1.62-2(c)(5), Income Tax Regs.

Taking into account his credible testimony on the point and his required duties as a project manager for Kirlin, including the locations of the office and the jobsites where he performed his work, and after reviewing his mileage logs, we

find that petitioner has established that he traveled 7,867.60 business miles, and he is entitled to a deduction for those miles as an unreimbursed employee business expense.

With reference to the $400 deduction for tolls, petitioner provided bank records showing debits from his bank account to replenish his Sunpass account as well as Sunpass documentation showing the effective toll rates as of July 1, 2014, for tolls from the office to the Miami area. Because his Sunpass documentation is from a year other than the year in issue, we cannot determine the amount petitioner expended for Sunpass charges related to business miles. Petitioner has failed to satisfy the strict substantiation requirement of section 274(d) with regard to the tolls expense deduction, and accordingly he is not entitled to a deduction for tolls.

## II. Unspecified Business Expense

Petitioner claimed an unspecified business expense deduction relating to: (1) $1,762.39 for the use of a cell phone; (2) $100 for steel-toe "construction work boots"; and (3) $45.61 for work shirts.

### A. Cell Phone Expense

Petitioner's bank records indicate that he incurred charges for the use of a cell phone during the year in issue. This documentation does not provide sufficient detail to distinguish between charges for business and personal use;

thus, the Court is unable to estimate a deductible amount.  See Cohan v. Commissioner, 39 F.2d at 543-544; see also Vanicek v. Commissioner, 85 T.C. at 742-743.  Accordingly, petitioner is not entitled to a deduction for cell phone expenses.

B.  Clothing

The cost of clothing may be deductible if:  (1) the clothing is of a type specifically required as a condition of employment; (2) it is not adaptable to general usage as ordinary clothing; and (3) it is not so worn.  Yeomans v. Commissioner, 30 T.C. 757, 767 (1958).  Petitioner testified that he purchased steel-toe "construction work boots" for $100 and work shirts for $45.61 during the year in issue, and we accept his testimony that he did.  We find that the work boots satisfy the criteria set forth in Yeomans, and therefore petitioner is entitled to a $100 deduction for them.  See Cohan v. Commissioner, 39 F.2d at 543-544.  However, he failed to establish that the work shirts were not suitable or adaptable to general use as ordinary clothing.  Consequently, he is not entitled to a deduction for that expense.

III.  Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty.

Various grounds for the imposition of that penalty are set forth in the notice. Nevertheless, if petitioner shows that he acted in good faith and there is reasonable cause for the underpayment, then the section 6662(a) accuracy-related penalty is not applicable. See sec. 6664(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Petitioner, who is relatively unsophisticated as to tax matters, made a reasonable attempt to comply with the provisions of the Code and to exercise ordinary and reasonable care in the preparation of his 2010 return. We are satisfied that petitioner had reasonable cause and acted in good faith with respect to the underpayment of tax that will remain. See sec. 6664(c). He is not liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

under Rule 155.